IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH KELLY DINGLER, §<br>#00149118, §<br>PETITIONER, §<br>§<br>v. §<br>§<br>ROCKWALL COUNTY SHERIFF, ET AL., §<br>RESPONDENTS. § | CIVIL CASE NO. 3:19-CV-2819-S-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Joseph Kelly Dingler's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Doc. 3. As detailed here, the petition for writ of habeas corpus should be **DISMISSED**.[1]

### I. BACKGROUND

On November 25, 2019, Dingler, a pretrial detainee at the Rockwall County Jail, filed a habeas corpus petition, asserting due process violations stemming from his continued confinement in administrative segregation. Doc. 3. Dingler states that the disciplinary charge, which prompted his initial placement in administrative segregation, was "dropped" in early November 2019, but that he expects to "remain in administrative segregation as an alternative to

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

the disciplinary." Doc. 3 at 2. He now seeks "immediate relief" from administrative segregation and the issuance of "the writ in the interest of justice." Doc. 3 at 7.

## II. ANALYSIS

Even liberally construed, Dingler's petition does not present a cognizable basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citations omitted).

Here, Dingler does not challenge the criminal charges that underlie his pretrial detention, but rather the circumstances of his confinement at the Rockwall County Jail. Instead, he complains only of being held in administrative segregation as opposed to the general population. Thus, his request for habeas relief should be dismissed.

Even if Dingler intended to bring a civil rights action under 42 U.S.C. § 1983, he is barred by the three-strike provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from bringing a civil action *in forma pauperis* ("IFP"). *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The Court of Appeals for the Fifth Circuit has confirmed this status. *See Dingler v. Bowles*, 113 F. App'x 6, 7 (5th Cir. 2004) (per curiam) (dismissing appeal as frivolous and holding Joseph Dingler, Texas inmate #1192066, was "BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury"). And although Dingler lists his name in the petition as Joseph Kelly Dingler, his Rockwall County criminal cases

reflect his name as Joseph Dingler.

### III.   CONCLUSION

Accordingly, Dingler's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE,** as it does not present a cognizable basis for federal habeas relief. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.  Alternatively, any intended a civil rights action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.[2]

The Clerk of the Court is directed (1) to add the alias "Joseph Dingler" to the docket sheet in this case and (2) to update the Court's Sanctions and Three Strikes List to reflect Dingler's middle name ("Kelly"), current inmate number (#00149118), and date of birth (March 28, 1972) as additional identifiers.

**SO RECOMMENDED** on February 4, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The total filing fee is $400 for a civil action in which the plaintiff has not been granted leave to proceed *in forma pauperis*.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).